**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

ENRIQUE VIDAL GOMEZ,

    Plaintiffs,

v.

                                        Case No. 2:26-cv-02039-MSN-cgc

WARDEN TRINITY MINTER,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on January 9, 2026.  (ECF No. 2, "Petition.")  However, it does not appear that Petitioner paid the required filing fee.  (ECF No. 4 ("The filing of a new complaint requires payment.  No payment was included with this submission.").)  Local Rule 77.2 indicates that "[t]he Clerk shall require advance payment of fees before any civil action . . . is filed."  In the alternative, parties may request that the Court grant *in forma pauperis* status to have the filing fee waived.  Because Petitioner neither paid the filing fee nor submitted an Application to Proceed in Forma Pauperis ("IFP Application"), on January 12, 2026, the Clerk issued a deficiency notice, informing Petitioner that he must either pay the $5.00 filing fee or complete and submit an IFP Application.  (ECF No. 4.)  Now, almost three months later, he has failed to do so.

Rule 41(b) of the Federal Rules of Civil Procedure further provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue,

or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

"Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the 'district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute.'" *Marchand v. Smith & Nephew*, No. 11-cv-2621-STA-cgc, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). The rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In determining whether to dismiss an action, district courts consider several factors, including the following:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Accordingly, Petitioner is hereby **ORDERED** to **SHOW CAUSE**, <u>within fourteen (14) days of the entry of this Order</u>, why this matter should not be dismissed for failure to prosecute. ***<u>Failure to comply with this Order in a timely manner will result in a judgment dismissing this action without further notice.</u>***

IT IS SO ORDERED, this 2nd day of April, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE